**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

**MOHAMMED IMRAN KHAN,**
**Individually and on Behalf of All Others**
**Similarly Situated,**

      **Plaintiff,**

-against-


**BISMA SERVICE CENTER, INC.,**
**MOHAMMED ANWAR KHAN, and**
**UMAIR JAWAD, Jointly and Severally,**

     **Defendants.**

</td><td>

**CLASS & COLLECTIVE**
**ACTION COMPLAINT**


**Jury Trial Demanded**

</td></tr>
</table>

Plaintiff Mohammad Imran Khan (the "Plaintiff"), individually and on behalf of all others similarly situated, as collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff worked for Defendants as a gas station attendant and assistant manager at their gas station and service center located in midtown Manhattan, New York. For his work, during

his employment with Defendants, Plaintiff was not paid minimum wages for all hours worked and was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for unpaid spread of hours premiums, failure to timely pay all wages owed and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.      Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all employees working for Defendants during the relevant NYLL limitations period.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive

Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

**THE PARTIES**

**Plaintiff:**

8.    Plaintiff Mohammed Imran Khan ("Khan") was, at all relevant times, an adult individual residing in New York County, New York.

9.    Throughout the relevant time period, Plaintiff performed work for Defendants at their gas station and service center located 718 11th Avenue, New York, New York 10019.

10.    Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

11.    Bisma Service Center, Inc. is an active New York Corporation doing business as Bisma Mobil Service Station ("Bisma Mobil" or the "Corporate Defendant"), with its principal place of business at 718 11th Ave., New York, NY 10019.

12.    According to the New York State Department of State, Division of Corporations, Bisma Service Center Inc. was registered on February 18, 2002.

13.    At all relevant times, the Corporate Defendant was and continues to be a "corporation engaged in commerce" within the meaning of the FSLA.

14.    Upon information and belief, Mohammed Anwar Khan ("M.A. Khan") is an owner and operator of the Corporate Defendant.

15.    Upon information and belief, Umair Jawad ("Jawad" and, together with M.A. Khan, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant.

16.    The Individual Defendants maintained operational control over the Corporate Defendant by overseeing business operations, supervising employees, determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

17.    The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Defendants' other similarly situated employees and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

18.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19.     At all relevant times, Defendants employed Plaintiff and each of the Collective Action members within the meaning of the FLSA.

20.     At all relevant times, Plaintiff, the opt-in plaintiffs, and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

21.     Upon information and belief, at all relevant times, the Corporate Defendant have had gross revenues in excess of $500,000.00.

### FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since June 21, 2018 and through the entry of judgment in this case (the "Collective Action Period") who worked at Bisma Mobil Service Station located at 718 11th Avenue, New York, NY 10019 as station attendants, mechanics, repairmen, maintenance employees, assistant managers, and/or in any other position, excluding the manager(s) and any owners or officers (the "Collective Action Members").

23.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

24.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## **<u>FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS</u>**

25.     Pursuant to the NYLL, Plaintiff brings his Third through Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since November 5, 2014 and through the entry of judgment in this case (the "Class Period") who worked at Bisma Mobil Service Station located at 718 11th Avenue, New York, NY 10019 as station attendants, mechanics, repairmen, maintenance employees, assistant managers, and/or in any other position, excluding the manager(s) and any owners or officers (the "Class Members").

26.     <u>The Class Members are readily ascertainable</u>. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

27.     <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

28.     Upon information and belief, there are in excess of forty (40) Class Members.

29.     <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class</u>. These common questions include, but are not limited to:

> a.  whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;
>
> b.  whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;
>
> c.  whether Defendants failed and/or refused to pay Plaintiff and the Class Members at least minimum wage for all hours worked each workweek;

6

d.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e.   whether Defendants failed to pay Plaintiff and the Class Members spread of hours premiums on days when they worked in excess of ten (10) hours;

f.   whether Defendants failed to pay Plaintiff and the Class Members all wages owed for work in a given workweek within seven (7) days after the end of the workweek;

g.   whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

h.   whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

i.   whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

j.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

30.   <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid minimum wage for all hours worked, overtime premium pay for hours worked over forty (40) hours in a given workweek or spread of hours premiums for

workdays that exceeded ten (10) hours, was not paid all wages owed to him within seven (7) days after the end of a given workweek, and was not provided proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

31.     Plaintiff and his Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

32.     Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

34.      Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

35.      The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

### Defendants' Gas Station and Service Center

36.     Upon information and belief, Defendants have owned and operated Bisma Mobil Service Station for over a decade.

37.     Bisma Mobil Service Station consists of a gas station and service center that

provides vehicle repair, maintenance and inspection services.

38.     Upon information and belief, Bisma Mobil is a franchise of ExxonMobil Corporation, an international oil and gas corporation.

39.     Upon information and belief, employees of ExxonMobil visited Bisma Mobil on a regular basis, once per month or more, to discuss operations, revenue, and employee performance with the Individual Defendants.

40.     Throughout the relevant time period, the Individual Defendants have owned, operated and managed Bisma Mobil through the Corporate Defendant for over a decade.

41.     According to the New York Department of State, Division of Corporations, Defendant M.A. Khan is the Chief Executive Officer of the Corporate Defendant.

42.     Upon information and belief, Defendant M.A. Khan is present at Bisma Mobil on a monthly basis, where he oversees the business operations of the gas station and service center and takes an active role in ensuring that the place is run in accordance with his procedures and policies.

43.     Upon information and belief, Defendant Jawad is present at Bisma Mobil on a weekly basis, where he oversees business operations of the gas station and service center, discusses personnel and revenue issues with managers, supervises employees and managers, and takes an active role in ensuring that the place is run in accordance with his procedures and policies.

44.     Upon information and belief, at all relevant times, the Individual Defendants have had power over payroll and personnel decisions at Bisma Mobil, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

45.     Upon information and belief, throughout the relevant time period, the gas station

portion of Bisma Mobil has been open twenty-four (24) hours per day, seven (7) days per week, and the service center portion has been open Mondays through Saturdays from 8:00 am to 9:00 pm and Sundays from 9:00 am to 6:00 pm.

46.     Upon information and belief, and according to one employee schedule, approximately twelve (12) employees worked at Bisma Mobil at any given time.

**Plaintiff's Work for Defendants**

47.     **Plaintiff Mohammad Imran Khan** was employed by Defendants as a gas station attendant and assistant manager, and also performed certain minor vehicle repair and maintenance tasks, from in or around October 2016 through in or around March 2021 (the "Khan Employment Period").

48.     During the Khan Employment Period, Plaintiff's duties included serving customers and assisting them in pumping and purchasing gasoline, supervising employees at the service center, changing flat tires, changing oil in vehicles, and performing vehicle inspections.

49.     As an assistant manager, Plaintiff supervised employees who worked at the service center, where his duties included verifying employee attendance and dividing duties among employees. However, Plaintiff did not have the authority to set pay rates, create employee schedules, or hire or fire employees.

50.     From the beginning of the Khan Employment Period to in or around April 2020, Plaintiff typically worked six (6) days per week, ten (10) or more hours per day, for a total of approximately sixty (60) hours per week and sometimes more. His shifts changed from day to day depending on the schedule created by Defendants; he often worked from 9:00 am to 7:00 pm, 11:00 am to 9:00 pm, or 8:00 am to 6:00 pm. He frequently worked up to thirty (30) minutes beyond his shifts, and sometimes as much as two (2) hours.

51.     For approximately three (3) weeks in April 2020, during the COVID-19 pandemic, Plaintiff was the only individual who worked at Bisma Mobil, due to slow business and other employees not coming into work. During this period, he remained at the gas station all day and rarely was able to go home.

52.     From April 2020 through the end of the Khan Employment Period, Khan continued to work six (6) days per week, ten (10) hours per day, for a total of approximately sixty (60) hours per week.

53.     From the beginning of the Khan Employment Period for approximately one and one-half (1.5) years, Plaintiff was paid a weekly flat rate of three hundred and fifty dollars ($350.00).

54.     From in or around early 2018 to April 2020, Plaintiff's weekly flat rate increased to four hundred dollars ($400.00).

55.     From April 2020 through the end of the Khan Employment Period, Plaintiff was paid a flat weekly rate of five hundred dollars ($500.00).

56.     When Plaintiff arrived late to work, Defendants deducted his wages by his effective hourly straight-time rate, consisting of his weekly rate divided by sixty (60) hours. Plaintiff is in possession of a scheduled created and posted by Defendant that contains a note stating, "If any employee is late or day off, salary will be deduct (by management)."

57.     Throughout the Khan Employment Period, Plaintiff was paid in cash, which he received in an envelope.

58.     During the Khan Employment Period, Plaintiff was not paid the legally-required minimum wages for all hours worked. Throughout the Khan Employment Period, Plaintiff was paid a flat weekly rate that did not include overtime premiums consisting of one and one-half (1.5)

times his effective hourly rate for hours over forty (40) each workweek. Throughout the Khan Employment Period, Plaintiff did not receive spread of hours premiums when he worked in excess of ten (10) hours per day.

59.     At no time did Defendants provide Plaintiff or other employees with any means of tracking their hours worked. Plaintiff believes that he and all other employees were paid according to the posted schedules.

60.     As an assistant manager, Plaintiff was aware that most if not all other employees of Defendants worked similar schedules as he did well in excess of forty (40) hours per week and were paid weekly flat rates that were subject to deductions for lateness.

61.     At no time during the Khan Employment Period did Defendants provide Plaintiff with a wage notice setting forth his regular hourly and overtime rates, payday, any deductions or credits claimed by Defendants in calculating his wages, employer contact information, or other information required by NYLL § 195(1)(a).

62.     At no time during the Khan Employment Period did Defendants provide Plaintiff with wage statements with his weekly payment of wages setting forth his total hours worked, his hourly and overtime rates, his gross wages, or other information required by NYLL § 195(3).

63.     Plaintiff was aware that Defendants' failure to pay minimum wage, overtime premiums and spread of hours premiums and failure to provide wage notices and wage statements were corporate policies that applied to all employees.

**Defendants' Unlawful Corporate Policies**

64.     Plaintiff and the Collective Action and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums and spread of hours premiums.

65.     Plaintiff has spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked for all or a portion of their employment. Defendants' failure to pay Plaintiff minimum wages for all hours worked is a corporate policy of Defendants which applied to all throughout the Class Period.

66.     Plaintiff has spoken with other employees of Defendants who likewise did not receive overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiff overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week is a corporate policy of Defendants which applied to all employees throughout the relevant time period.

67.     Plaintiff has spoken with other employees of Defendants who likewise did not receive spread of hours premiums for workdays that exceeded ten (10) hours. Defendants' failure to pay Plaintiff spread of hours premiums is a corporate policy of Defendants which applied to all employees throughout the relevant time period.

68.     Defendants' policies of paying non-exempt employees on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

69.     Defendants have not provided Plaintiff or their other employees with wage notices at the time of hire or when their wage rates changed or with wage statements with their weekly payment of wages.

70.     Upon information and belief, throughout the relevant time period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**<u>FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE</u>**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

71.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

73.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**<u>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME</u>**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

75.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated

and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

77.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and the Class Members)**

79.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

81.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Class Members)

82.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

84.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW - FAILURE TO PAY WAGES
### (Brought on Behalf of Plaintiff and the Class Members)

85.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.     Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiff and the Class Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which wages are earned." Thus, Defendants violated NYLL § 191 by failing to pay Plaintiff and the Class Members all of their wages earned within the week

such wages were due.

87.     Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and the Class Members, that is not otherwise authorized by law or by the employee.

88.     By withholding wages and overtime compensation from Plaintiff and the Class Members, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiff and the Class Members.

89.     Defendants' failure to pay Plaintiff and the Class Members wages of any kind for several hours of work in certain weeks violated NYLL §§ 191 and 193.

90.     Defendants' failure to comply with NYLL §§ 191 and 193 caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants his unpaid wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiff and the Class Members)**

91.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

92.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day,

in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

93.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES**
**(Brought on Behalf of Plaintiff and the Class Members)**

94.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

95.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

96.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**EIGHTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiff and the Class Members)**

97.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

98.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

99.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

19

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.     An order tolling the statute of limitations;

d.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.     An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.     An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.     An award of liquidated and/or punitive damages as a result of the Defendants'
willful failure to pay minimum wages and overtime compensation pursuant to the
FLSA and the NYLL and supporting regulations;

h.     Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that
the violations of NYLL, Article 6 § 195(1) occurred or continue to occur, up to a
maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class
Members as provided for by NYLL, Article 6 § 198(1)-b;

i.     Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class
Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or
continue to occur, up to a maximum of five thousand dollars ($5,000.00) per
Plaintiff and each of the Class Members as provided for by NYLL, Article 6 §
198(1)-d;

j.     An award of prejudgment and post-judgment interest;

k.     An award of costs and expenses of this action together with reasonable attorneys'
and expert fees; and

l.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial
by jury on all questions of fact raised by the complaint.

Dated:  New York, New York
         June 21, 2021

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

**Notice of Shareholder Liability for Services Rendered**
**Pursuant to § 630 of the Business Corporation Law of New York**

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholder of **BISMA SERVICE CENTER, INC.** are hereby notified that the plaintiff in this matter, individually and on behalf of the putative FLSA collective and the Class he seeks to represent, intends to enforce your personal liability, as the ten (10) largest shareholders of **BISMA SERVICE CENTER, INC.** and charge you with indebtedness of said corporations to the plaintiff for services performed for the corporations as employees during the six (6) year period preceding the filing of the complaint.

Services for the above-referenced corporations concluded for Plaintiff within the past 180 days.

Dated:  June 21, 2021

_____
Brent. E. Pelton

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Bisma Service Center, Inc. and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me minimum wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

DocuSigned by:

A9A921EE9E674F2...

Mohammed Imran Khan

_____
Signature

_____
Printed Name